IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action Number 05-cv-00303-RPM

JASON P. BOYKIN,

        Plaintiff,

v.

EL PASO PRODUCTION COMPANY,
a Delaware Corporation with its principal
place of business in Texas, and doing
business in Colorado,
        Defendant.

_____

ORDER OF DISMISSAL
_____


      This is a tort case in which the plaintiff Jason P. Boykin seeks damages from the defendant El Paso Production Company ("El Paso") for injuries sustained on February 20, 2003, while working as an employee of Zimmerman Equipment Company ("ZECO") at a drilling site in Rio Blanco County, Colorado.  The work was being done by ZECO as an independent contractor to perform drill equipment services under a master service agreement on a per-job request basis.  ZECO had workers' compensation insurance and Mr. Boykin has received benefits in Utah, the state of his domicile.  His claim in this case is that El Paso failed to provide a safe place to work and was negligent in failing to properly instruct or supervise workers on the site.

      The defendant has moved to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction because El Paso is a statutory employer under Colorado Workers' Compensation Act, C.R.S. § 8-41-401 and the act provides the exclusive

remedy for work related injuries.

The plaintiff opposes the motion, contending that the Utah Workers' Compensation Act differs from the Colorado statute and it should be applied. In this action brought under diversity jurisdiction, the choice of law issue is to be decided in accordance with Colorado law. Colorado courts apply the factors set forth in the Restatement (Second) of Conflict of Laws §§ 6 and 145. They are summarized as the "most significant relationship" test. In this case, the injury occurred in Colorado and all of the conduct complained of took place in Colorado. The plaintiff argues that this case involves public policy which should be determined by Utah law where both he and his employer reside. On the contrary, El Paso's contracts with companies for performing work in Colorado is subject to policies established by the Colorado legislature. Colorado's statute is applicable. It is therefore

ORDERED that this civil action is dismissed for lack of subject matter jurisdiction.

DATED: October 6, 2005

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge